**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4921**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

JANET CAHILL DAVENPORT,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:08-cr-00033-jpj-pms-1)

_____

Submitted:  January 7, 2011        Decided:  January 26, 2011

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janet Cahill Davenport appeals her conviction after a jury trial and the district court's denial of her motions for a judgment of acquittal for possession with intent to distribute and distribution of hydrocodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006). On appeal, Davenport raises the issues of whether the evidence was sufficient to support her conviction and whether there was sufficient independent evidence to corroborate her admissions. We affirm.

We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). We are obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the Government, is supported by substantial evidence. Id. Substantial evidence in the context of a criminal action is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of evidence, we do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the

2

Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Reversal for insufficient evidence is reserved for the rare case where the Government's failure is clear. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

To prevent confessions to crimes never committed and convictions based upon untrue confessions alone, a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused made after commission of a crime. United States v. Abu Ali, 528 F.3d 210, 234 (4th Cir. 2008). Corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty. Id. at 235.

With these standards in mind, we have reviewed the record and conclude that the evidence was sufficient to support Davenport's conviction, and her admissions were sufficiently corroborated by independent evidence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3